UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYRICOULA CRAIG,

    Plaintiff,                                     Case No. 2:15-cv-10655

v.                                              HONORABLE STEPHEN J. MURPHY, III

BANK OF AMERICA, N.A.,

    Defendant.
_____/

**OPINION AND ORDER DENYING MOTION TO
ALTER, CORRECT, OR SET ASIDE JUDGMENT [16, 17]
AND FINDING AS MOOT MOTION TO STAY JUDGMENT [20, 21]**

Plaintiff Kyricoula Craig sued the Defendant in state court for alleged violations of Michigan law that arose from the foreclosure of her residence. After Defendant removed the action, the Court granted Defendant's motion to dismiss the case and entered judgment against Craig. Before the Court are Craig's motions to alter, correct, or set aside that judgment, and to stay its effect. For the following reasons, the Court will deny the first motion, and find the second moot.

## DISCUSSION

Craig filed her motion for relief three months after the Court entered judgment. Accordingly, the Court will deny the motion as untimely to the extent that it seeks relief under Federal Rule of Civil Procedure 59 and Local Rule 7.1. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); E.D. Mich. LR 7.1(h)(1) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.").

Craig also seeks relief under Rule 60(b)(6), which permits a court to vacate a prior

order or judgment for "any other reason that justifies relief." The Court may grant relief under Rule 60(b)(6) only in "exceptional or extraordinary circumstances where principles of equity mandate relief." *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (internal quotation omitted). Craig argues that she is entitled to relief because the Court's order did not sufficiently address her causes of action, and Defendant's actions ran contrary to the Home Affordable Modification Program (HAMP), constituted dual-tracking in violation of the Real Estate Settlement Procedures Act (RESPA), and violated general contract law.

In its Order, the Court held that Craig lost all interest in the property because she failed to redeem it during the redemption period, and failed to sufficiently allege fraud or irregularity in the foreclosure proceedings. ECF 14, PgID 277–78. Specifically, Craig's vague assertions fell below the level of particularity required by Civil Rule 9(b). And even if the allegations had been sufficiently particular, they were barred by the statute of frauds. *Id.* at 278. As Defendant persuasively argued in its motion to dismiss, Counts II–VI of the complaint had nothing to do with fraud or irregularity in the foreclosure sale procedure, and could not serve as a basis to void the foreclosure sale; each count alleged wrongdoing related to Craig's loan modification request, not the foreclosure proceedings.

All of the underlying claims lacked merit, and would have been dismissed on other grounds. The wrongful foreclosure claim fails because the affidavits attached to the sheriff's deed serve as presumptive and sufficient evidence of proper notice. *See* ECF 9-5, PgID 135–36; *see also* Mich. Comp. Laws § 600.3264. The breach of contract claim fails because Craig did not specify the contract or Mortgage provision that Defendant supposedly breached, and the enforcement of an oral promise is barred by the statute of frauds. *See* ECF 1-2 ¶¶ 27–31; *see also Blackward Props., LLC v. Bank of Am.*, 476 F.

App'x 639, 642 (6th Cir. 2012). The statute of frauds bars the promissory estoppel claim — also premised on Defendant's alleged promise to modify the loan — because Craig does not show the existence of a actionable written loan modification agreement signed by Defendant. *See* Mich. Comp. Laws § 566.132; *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (2000) (holding that the statute of frauds precludes actions for promissory estoppel). The negligence claim fails because a tort claim cannot rest upon the breach of a contractual obligation, and no special fiduciary relationship existed to give rise to a duty under HAMP. *See Fultz v. Union-Commerce Assocs.*, 470 Mich. 460, 467 (2004) ("If no independent duty exists, no tort action based on a contract will lie."). And the statute of frauds bars Craig's breach of implied contract and specific performance claim, because any alleged promise by a financial institution to modify the terms of a loan must be reduced to an enforceable signed writing, which Craig fails to allege. *See* Mich. Comp. Laws § 566.132. As a result, Craig is not entitled to post-judgment relief on any of her claims.

Finally, Craig argues Defendant's alleged violations of general contract law and a RESPA violation perpetrated by "dual tracking" her loan modification and foreclosure efforts. ECF 17, PgID 613–15. But those allegations are mostly new and conclusory, and therefore fall well short of mandating relief under Rule 60(b)(6). The dual tracking allegations, for example, cannot give rise to relief under RESPA. *Servantes v. Caliber Home Loans, Inc.*, No. 14-CV-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014) ("[T]o stay or set aside the sheriff's sale or, alternatively, to permit the matter to proceed to judicial foreclosure [] is unavailable to [plaintiffs] under RESPA."). Indeed, loan modification and foreclosure processes are separate, and "dual tracking violations relate to the loan modification process rather than the foreclosure process." *Stokes v. U.S. Bank*

*Trust, N.A.*, No. 15-14177, 2016 WL 4107719, at *4 (E.D. Mich. May 6, 2016) (collecting cases), *report and recommendation adopted*, 2016 WL 4073536 (E.D. Mich. Aug. 1, 2016). Thus, even if accepted as true, Craig's "allegation of dual tracking cannot demonstrate a 'fraud or irregularity' necessary to expand the redemption period." *Id.*

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion to Alter, Correct, or Set Aside Judgment [16, 17] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay [20, 21] is **MOOT**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 15, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager